UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERAEL PATTERSON-WRIGHT,<br><br>Defendant. | NO. CR13-188RSL<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO SUPPRESS |

## I. INTRODUCTION

This matter comes before the Court on Defendant Gerael Patterson-Wright's "Motion for a Franks Hearing and Memorandum of Law in Support" (Dkt. # 19).  Defendant seeks an order suppressing evidence seized from his rental car because the affidavit supporting the search warrant application omitted material facts that, when included, preclude a finding of probable cause.

The Court held a Franks hearing on October 10, 2013.  For the reasons set forth below, the Court DENIES Defendant's motion.

## II. DISCUSSION

**A. Background**

On May 20, 2013, Brizjette Williams called 911 and reported that Defendant punched her sister, Kendra Tate, at a gas station and waived a firearm in the air.  Ms. Williams informed

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS - 1

police that she and Ms. Tate, Defendant's former girlfriend,[1] arrived at the gas station in separate cars. While they were at the gas station, Porsha Lester, Defendant's girlfriend at the time, arrived in a green Chevrolet Tahoe (the "Tahoe"). Ms. Lester and Ms. Tate began arguing and the dispute became physical. Defendant, who arrived at the gas station in a white Dodge Charger (the "Charger"), punched Ms. Tate in the face. While Ms. Williams was taking care of Ms. Tate, she saw Defendant pull a firearm from his waistband and waive it in the air. Ms. Williams reported that Defendant threw the firearm into the Tahoe, got back into the Charger, and drove away. Ms. Lester drove away in the Tahoe. Seattle Police Department Officers determined that the Charger was registered to Deva Berry-Patterson and the Tahoe was rented by Elizabeth Morris-Uchendu, Defendant's relative.

On May 30, 2013, King County Superior Court Judge William Downing authorized a search warrant for Defendant's residence and the Charger. Later that day, Detective Waters applied for a warrant to search the Tahoe. In support of his application, Detective Waters submitted an affidavit describing the May 20, 2013, incident and his investigation. He described his interview of Ms. Williams, his meeting with Ms. Tate during which she identified Defendant from a photo montage, and his review of the gas station surveillance video. King County District Court Judge Matthew Williams granted the application that night. During the search of the Tahoe, detectives recovered a handgun from center console.

Defendant was arrested on June 4, 2013. He is charged with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

**B. Analysis**

"The threshold determination in a Franks hearing is whether erroneous statements or omissions in an affidavit supporting a search warrant were made knowingly and intentionally, or with reckless disregard for the truth." United States v. Senchenko, 133 F.3d 1153, 1158 (9th Cir.

---

[1] Ms. Tate later clarified that she was not Defendant's former girlfriend, but the former girlfriend of one of Defendant's friends.

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS - 2

1998) (quotation marks omitted).  If such a finding is made, the Court must determine whether the affidavit, once supplemented by the omissions, would provide a substantial basis for finding that probable cause existed.  Id.; United States v. Stanert, 762 F.2d 775, 782 (9th Cir. 1985) (applying Franks standard to omissions).  Defendant contends that Detective Waters intentionally or with reckless disregard omitted the following three facts: (1) the surveillance video did not show Defendant with a firearm; (2) Ms. Lester informed Detective Waters that she did not see Defendant waive a firearm in the air; and (3) detectives did not find a firearm during their search of Defendant's residence or the Charger[2].  Dkt. # 19 at 6-7.

The Court finds that Detective Waters did not knowingly and intentionally, or with reckless disregard for the truth, omit material information in his affidavit.  First, contrary to Defendant's assertion, the affidavit included a statement that the gas station video did not show the presence of a firearm.  Dkt. # 20-1 at 6.  Although Detective Waters' statement could have been more a little more precise, the Court cannot conclude that his statement that "[t[he video footage did not cover the rear portion of the Chevrolet Tahoe to observe the weapon display," was materially misleading.  Id.  The crux of the statement was that Detective Waters did not see a firearm when he reviewed the video footage.  Even if Detective Waters had included a more detailed account of the video in the affidavit, the fact would have remained that witnesses told him they saw Defendant with a gun.

Second, during the Franks hearing Detective Waters testified credibly that he did not intentionally or recklessly omit Ms. Lester's statement that she did not see Defendant with a firearm.  He did not include any information from Ms. Lester, including her statement confirming that Defendant hit Ms. Tate at the gas station.  Furthermore, given Ms. Lester's relationship with Defendant, her statement denying that Defendant had a firearm would be

---

[2]Defendant abandoned this argument that the affidavit omitted the fact that officers did not find a firearm during the search of the Charger because the officers had not yet searched the Charger when the application for the warrant to search the Tahoe was submitted. Officers searched the Charger at the same time they executed the search warrant for the Tahoe.

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS - 3

insufficient to negate a finding of probable cause.  The Court therefore finds that Detective Waters did not omit material information intentionally or with reckless disregard for the truth. Even if he had provided a more accurate, detailed account of the gas station video, there would have been probable cause to support the issuance of the search warrant for the Tahoe.  The Court is convinced that Detective Waters was not trying to mislead Judge Williams and thus, Defendant has failed to meet his burden under Franks.

### III.  CONCLUSION

For all of the foregoing reasons, Defendant's motion to suppress (Dkt. # 19) is DENIED.

DATED this 22nd day of October, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO SUPPRESS - 4