UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERAEL PATTERSON-WRIGHT,<br><br>Defendant. | Case No. CR13-188RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant's "Motion for Early Termination of Supervised Release." Dkt. # 60. Having considered the parties' memoranda, the input of United States Probation, and the remainder of the record, the Court DENIES defendant's motion.

After pleading guilty to federal identity-theft and felon-in-possession charges, defendant Gerael Patterson-Wright was sentenced by this Court to 27 months imprisonment followed by 36 months of supervised release. Dkt. # 44. After facing difficulties complying with the conditions of his supervision, including struggles with substance abuse, see Dkt. # 47, defendant apparently achieved a period of sustained compliance. Defendant then filed the motion before the Court, citing his progress. Dkt. # 60. The government opposed the motion based on defendant's substance-abuse struggles and apparent lack of continued employment. Dkt. # 61. While this motion was pending, defendant was taken into custody based on robbery and domestic violence allegations, and proceedings moved forward regarding revocation of his

supervised release. Dkt. # 62. Defendant has been transferred to state custody, and his revocation proceedings have been continued until resolution of state charges he faces based on the allegations noted above. Dkt. # 72.

Under 18 U.S.C. § 3583(e), the Court may, after considering a subset of sentencing factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release after at least one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When deciding whether to terminate supervised release, the Court "enjoys discretion to consider a wide range of circumstances." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). Without regard to defendant's potential guilt or innocence of his pending state charges, the Court concludes defendant's situation does not warrant early termination of his supervised release given his recent substance-abuse struggles, his tenuous employment situation, and the continued revocation proceeding.

For the foregoing reasons, defendant's motion is DENIED.

DATED this 2nd day of October, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION FOR EARLY TERMINATION OF
SUPERVISED RELEASE - 2